Paul G. Cereghini (009641)
Curtis J. Busby (019415)
Daniel B. Goldman (033570)
**BOWMAN AND BROOKE LLP**
2901 North Central Avenue, Suite 1600
Phoenix, Arizona 85012-2736
Telephone: (602) 643-2300
Facsimile: (602) 248-0947
paul.cereghini@bowmanandbrooke.com
curtis.busby@bowmanandbrooke.com
daniel.goldman@bowmanandbrooke.com

Attorneys for Defendant FCA US LLC

# UNITED STATE DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Myers and Jenni Myers,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC, a Delaware limited liability company; Arizona Fleet Services, a domestic corporation; Joe Price, individually, and Joe Price d/b/a Price Car Company, a domestic corporation,<br><br>Defendants. | Case No.<br><br>**DEFENDANT FCA US LLC's NOTICE OF REMOVAL** |

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441, 1446, and 1452, FCA US LLC ("FCA"), a named defendant in the case originally pending as Case No. CV2020-000674 in the Superior Court of Arizona in Maricopa County, files this Notice of Removal to the United States District Court for the District of Arizona.

1. This Action falls under this Court's original jurisdiction on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332(a) and is, therefore, an action that may be removed pursuant to 28 U.S.C. § 1441(a).

2. This action also falls under this Court's original jurisdiction on the basis of bankruptcy jurisdiction, pursuant to 28 U.S.C. § 1334(b), and is, therefore, removable to this Court under 28 U.S.C. § 1452(a).

**REMOVAL JURISDICTION**

**I.   Diversity Jurisdiction**

3. Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to federal court. 28 U.S.C. § 1441(a).

4. This Court has original jurisdiction of all civil actions between citizens of different states, where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). As explained below, those criteria are satisfied in this case.

   **A.   Diversity of Citizenship**

5. Plaintiffs assert in their Complaint that they are residents of Texas. *See* Plaintiffs' Complaint, ¶ 1, attached as Exhibit 1.

6. Defendant FCA US LLC, is a Delaware limited liability company with its principal place of business in Auburn Hills, Michigan. FCA US LLC has one member, FCA North America Holdings LLC, a Delaware limited liability company with its principal place of business in Auburn Hills, Michigan. FCA North America Holdings LLC has one member, FCA Holdco B.V., a company organized and existing under the laws of the Netherlands with its principal place of business in London, United Kingdom. FCA Holdco B.V. is 100% owned by Fiat Chrysler Automobiles N.V., a publicly traded company organized and existing under the law of the Netherlands with its principal place of business in London, United Kingdom.

7. Plaintiffs assert in their Complaint that defendants Joe Price, Joe Price d/b/a Price Car Company, and Arizona Fleet Services are Arizona residents and corporations, respectively. *See* Complaint, Exhibit 1, ¶¶ 3-5. However, Plaintiffs' complaint provides no specific allegations concerning any of said defendants that might inform FCA US as to whether they were properly or fraudulently joined in this Action. Regardless, even if the forum defendants were properly joined, the forum-defendant rule does not apply because there exists an additional basis for removal – 28 U.S.C. § 1334 – that is independent of the

parties' diversity of citizenship. *See Hughes v. Bank of America Corp.*, No. 3:12-CV-00513-RCJ-VPC, 2013 WL 12335268, at *2 (D. Nev. July 9, 2013) (finding that although plaintiff named and served defendants who resided in the forum where plaintiff filed his complaint, "the forum-defendant rule [Section 1441(b)(2)] does not apply because the sole basis for removal was not the diversity statute.").

### B.     Amount in Controversy

8.     In their complaint, Plaintiffs allege that Mark Myers was driving the subject 2002 Jeep Wrangler in Liberty County, Texas, and was involved in a head-on collision with another vehicle. Complaint, Exhibit 1, ¶ 7. Upon information and belief, plaintiff Mark Myers was ejected from the subject 2002 Jeep Wrangler and air lifted to a hospital in Houston, Texas. Plaintiff Mark Myers avers that he suffered "past, present, and/or future: extreme emotional distress, pain and suffering, mental anguish, disfigurement, physical impairment, loss of income, loss of earning capacity, loss of enjoyment of life, loss of consortium, and interference with his daily activities." *Id*. at ¶ 56. Plaintiffs further aver that plaintiff Mark Myers "has become obligated to pay extensive medical expenses as a result of his injuries" and has "suffered lost wages in the past and in all likelihood will [continue to suffer lost wages] into the future." *Id*. at ¶¶ 57-58. In addition, plaintiff Jenni Myers avers that she "suffered past, present, and/or future: loss of consortium, and past, present, and/or future loss of care, maintenance, support, services, advice, counsel, reasonable contributions of pecuniary value, loss of companionship and society." *Id*. at ¶ 59. Plaintiffs also aver that they are entitled to general damages, actual damages, prejudgment and post-judgment interest beginning January 12, 2018, costs of suit, and all other relief, general and special, to which plaintiffs are entitled to at law and/or in equity, and/or which the Court deems proper." *Id*. at ¶ 62. Therefore, the amount in controversy satisfies the jurisdictional threshold of $75,000, exclusive of interest and costs.

## II.    Bankruptcy Jurisdiction

9.     Defendant FCA US LLC hereby removes to this Court, in accordance with 28 U.S.C. § 1452. Plaintiff's claims against FCA US concern the design, manufacture, and sale

of a 2002 Jeep Wrangler. However, FCA US did not design, manufacture, or sell the subject vehicle and FCA US is not a successor of any entity that did. Rather, FCA US purchased assets of Chrysler LLC, a bankrupt entity, which was the successor in interest to the manufacturer of the subject vehicle. Any potential liability of FCA US for Plaintiff's claims relating to the subject vehicle, if proved, would arise solely from the terms of orders of the Bankruptcy Court, which approved the asset purchase and set forth the limited liabilities contractually assumed by FCA US. Because the interpretation and enforcement of the Bankruptcy Court's orders are at issue, this civil proceeding arises under title 11—the United States Bankruptcy Code—or arises in or relates to a case under title 11. Therefore, this Court has original jurisdiction over the Action under 28 U.S.C. § 1334(b), and the Action is removeable to this Court under 28 U.S.C. § 1452(a).

**A.   Background**

**i. The Claims and Plaintiff's Improper Attempt to Hold FCA US Liable for the Acts or Omissions of a Bankrupt Entity.**

10.   Plaintiffs filed this Action on January 10, 2020, in the Superior Court of the State of Arizona in and for the County of Maricopa. *See* Complaint, Exhibit 1. FCA US first received a copy of Plaintiffs' Complaint on January 14, 2020. *See* Service of Process Transmittal, attached as Exhibit 2.

11.   The Petition alleges that Plaintiff Mark Myers was injured in a motor vehicle crash on January 12, 2018, while operating a 2002 Jeep Wrangler near Liberty County, Texas. Complaint, Exhibit 1, ¶ 7. Asserting negligence and product liability claims against FCA US, Plaintiffs allege FCA US "designed, manufactured, marketed, assembled and/or tested the 2002 Jeep Wrangler," *id.* ¶ 35, and the "vehicle contains and/or [FCA US] has committed either design, manufacturing, marketing, assembling, and/or testing defects". *Id.* ¶ 36. Plaintiffs further allege FCA US "failed to conduct proper testing and engineering analysis during the design, development and testing of the vehicle" and was "negligent in the manufacture, assembly, marketing and/or testing of the vehicle." *Id.* ¶¶ 39-40. The Petition also alleges that the "acts and/or omissions, design defects and negligence of Defendants were

the producing, direct, proximate and legal cause of the Plaintiff's serious injuries and damages." Id. at ¶ 52.

12. However, FCA US did *not* design, develop, manufacture, assemble, market, or sell the 2002 Jeep Wrangler, as FCA US did not exist until April 30, 2009. *See* Certificate of Formation, attached as Exhibit 3. Nor, for purposes of establishing liability in a products liability case, is FCA US a successor of any entity that did. *See* Order of June 1, 2009, *In re Chrysler LLC*, Case No. 09-50002, attached as Exhibit 4, at 40, ¶ 35. Rather, FCA US purchased assets of Chrysler LLC, a bankrupt entity, which was the successor in interest to the manufacturer of the 2002 Jeep Wrangler.[1] *See id.* Accordingly, FCA US's liability for claims relating to the 2002 Jeep Wrangler, if any, would arise solely out of the asset purchase agreement approved by the Bankruptcy Court. *White v. FCA US, LLC*, 579 B.R. 804, 811 (E.D. Mich. 2017) ("Were it not for the MTA, the plaintiffs would have to bring their claim as an adversary proceeding in Old Chrysler's bankruptcy case.").

### ii. The Chrysler LLC ("Old Chrysler") Bankruptcy

13. On April 30, 2009, Chrysler LLC (subsequently named Old Carco LLC) and 24 of its affiliated entities (collectively, "the Debtors" or "Old Chrysler"), filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York. *In re Old Carco LLC (f/k/a Chrysler LLC)*, Case No. 09-50002 (Bankr. S.D.N.Y.). On May 19, 2009, the Debtors and a newly formed independent entity, now known as FCA US LLC,[2] entered into a Master Transaction Agreement. Under the terms of the MTA, FCA US purchased substantially all of the Debtors' assets but assumed only *certain* of their liabilities. *See* MTA, selected portions attached as Exhibit 5.

---

[1] The manufacturer of the vehicle that is the subject of this Action is DaimlerChrysler Corporation. In 2007, DaimlerChrysler Corporation was converted to a limited liability company and renamed DaimlerChrysler Company LLC. DaimlerChrysler Company LLC was later renamed Chrysler LLC.

[2] The party to the MTA was New Carco Acquisition LLC. On June 10, 2009, New Carco Acquisition LLC changed its name to Chrysler Group LLC. Effective December 15, 2014, Chrysler Group LLC changed its name to its current one, FCA US LLC—the party filing this notice of removal.

14. The Bankruptcy Court approved the MTA and the sale by entering its Sale Order of June 1, 2009, which authorized the sale of substantially all of the Debtors' assets free and clear of all liens, claims, interests, and encumbrances. *See* Order of June 1, 2009, Exhibit 4. The asset sale to FCA US closed on June 10, 2009.

15. In the Sale Order, the Bankruptcy Court limited the liability of FCA US to only those liabilities of the Debtors that were expressly assumed. With limited exceptions, FCA US did not assume liability "for any claim that . . . relates to the production of vehicles prior to the Closing Date or [] otherwise is assertable against the Debtors or is related to the Purchased Assets prior to the closing date." Order of June 1, 2009, Exhibit 4, ¶ 35. Additionally, FCA US was *not* to be a legal successor or a continuation of, and did not merge with, the bankruptcy Debtors. *Id*. The Bankruptcy Court specifically ordered that FCA US would "not have any successor, derivative or vicarious liabilities of any kind . . . for any Claims, including . . . products or antitrust liability." *Id*.

16. On November 19, 2009, the Bankruptcy Court entered another order approving an amendment to the MTA that modified the scope of FCA US's assumed liabilities. Order of Nov. 19, 2009, *In re Chrysler LLC*, Case No. 09-50002 (Bankr. S.D.N.Y.), attached as Exhibit 6.[3]

**B.  Basis for Removal**

17. Federal district courts have original jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b); *Wellness Wireless, Inc. v. Infopia Am., LLC*, 606 F. App'x 737, 739 (5th Cir. 2015). Wherever federal jurisdiction exists under Section 1334, a "party may remove any claim or cause of action . . . to the district court where such civil action is pending." 28 U.S.C. § 1452(a).

---

[3] As used in this Notice of Removal, the Bankruptcy Court's June 1, 2009 Sale Order (approving the MTA) and November 19, 2009 Order (approving Amendment No. 4 to the MTA) are referred to collectively as "Sale Orders."

18. Under Section 1334, proceedings "arising under" title 11 involve causes of action "created or determined by a statutory provision of title 11." *In re Wood*, 825 F.2d 90, 96 (5th Cir. 1987) (citation omitted). Similarly, proceedings "arising in" bankruptcy cases are proceedings that "would have no existence outside of the bankruptcy." *Id.* at 97. Proceedings that "arise under" title 11 or "arise in" a bankruptcy case are also known as "core proceedings." *Stern v. Marshall*, 564 U.S. 462, 476 (2011); *see also In re Wood*, 825 F.2d at 97.

19. A proceeding is said to more broadly "relate to" a bankruptcy proceeding under Section 1334 when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Galaz*, 665 F. App'x. 372, 375 (5th Cir. 2016) (citations omitted).

20. For the reasons that follow, federal jurisdiction exists because this case arises under, arises in, and relates to the bankruptcy case of *In re Old Carco LLC (f/k/a Chrysler LLC)*.

> **i.  This Court has jurisdiction under 28 U.S.C. § 1334(b) because the Action "arises under" title 11 or "arises in" a bankruptcy case.**

21. As noted, the district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Cases that involve the interpretation of a bankruptcy order arise under title 11 and are considered core proceedings. *In re Martinez*, No. 00-40412, 2000 WL 34508398, at *1 (5th Cir. Oct. 5, 2000); *see also In re Allegheny Health, Educ. and Research Found.*, 383 F.3d 169, 175–76 (3rd Cir. 2004) (upholding determination "that the suit was a core proceeding because it required the court to interpret and give effect to its previous sale orders"); *In re Millennium Sea Carriers, Inc.*, 458 F.3d 92, 95 (2nd Cir. 2006) (holding that a request for the bankruptcy court to enforce a sale order constitutes a core proceeding); *see also In re Karykeion, Inc.*, No. 12-1363, 2013 WL 1890626, at *3 (B.A.P. 9th Cir. May 6, 2013) (holding that "as this adversary proceeding turned on the interpretation of agreements approved by and incorporated into a [bankruptcy] sale order, it was a core matter").

7

22. As noted above, contrary to Plaintiff's allegations, FCA US did not design, manufacture, market, assemble, or test the 2002 Jeep Wrangler. Rather, the subject vehicle was designed and sold by the now-defunct DaimlerChrysler Corporation years before FCA US came into existence. *See* Certificate of Formation, Exhibit 3. Plaintiffs ostensibly seek to impose liability upon FCA US for alleged actions that, if true, would be properly attributable of the bankrupt Debtors. *See* Sale Orders, Exs. 4 & 5. But for the Bankruptcy Court's issuance of the Sale Orders, no basis would exist for *any* claim to be asserted against FCA US for *any* liabilities incurred by the bankrupt Debtors.[4] *Id*; *White*, 579 B.R. at 811. Accordingly, any claims Plaintiffs assert against FCA US for the alleged actions of the bankrupt Debtors necessarily implicate and require judicial interpretation of the Sale Orders entered in *In re Old Carco LLC (f/k/a Chrysler LLC)*.

23. Indeed, interpretation of the very Sale Orders at issue in this case has been found to constitute a "core proceeding" arising in the bankruptcy by the Bankruptcy Court for the Southern District of New York—the court that issued those orders. *See* Order Granting Defendant's Motion to Dismiss, *Wolff v. Chrysler Group LLC*, Ad. Proc. No. 10-05007 (Bankr. S.D.N.Y, J. Gonzalez, July 30, 2010) (Bankruptcy Court holding that a claim asserted against FCA US [then known as Chrysler Group LLC] and removed from state court and transferred to the Bankruptcy Court was a core proceeding as it was "ancillary to the Sale Order"), attached as Exhibit 7.

24. Federal district courts around the country have reached the same conclusion, finding that interpretation and enforcement of the Sale Orders constitutes a "core proceeding" subject to bankruptcy jurisdiction. *See, e.g.*, *Martinez-Garcia v. FCA US LLC*, No. 1:18-CV-582, 2008 WL 10374703, at *3-4 (E.D. Tex. Dec. 20, 2018) (finding Section 1334(b) provides jurisdiction because plaintiff's claims against FCA US required interpretation of the MTA, and were therefore "core" to the bankruptcy proceeding); *Daniels v. FCA US, LLC*, No. 4:17-02300-AMQ, 2018 WL 3587004, at *5 (D.S.C. July 26, 2018)

---

[4] FCA US does not concede that the Sale Orders provide a basis for the specific claims asserted by Plaintiffs in the present action.

(finding jurisdiction proper under Section 1334(b) and denying remand because the plaintiff "would not have been able to assert [his claims] against FCA except for the bankruptcy"); *White*, 579 B.R. at 811 (finding that "the state case 'arises in' and 'relates to' the bankruptcy, because (1) FCA did not exist when a 2003 Jeep was made and was not the entity that designed or manufactured that Jeep; (2) FCA's liability for the claims pleaded in the complaint necessarily derives from the bankruptcy sale agreement and order confirming that sale that was entered in the bankruptcy case; and (3) in order for the case to proceed at all, the plaintiff must begin by showing that FCA assumed liability for the claims pleaded"); *Powell v. FCA US LLC*, No. 3:15-cv-393, 2015 WL 5014097, at *4 (M.D. Ala. Aug. 21, 2015) ("Before any court considers the merits of the case, it will first have to interpret the scope of the Sale Order as applied to the Plaintiffs' claims. Therefore, the court finds that the case 'arises in' a bankruptcy case and that it is a core proceeding. There is proper jurisdiction under § 1334(b) [and] removal was proper under § 1452[.]"); *Martin v. Chrysler Group LLC*, No. 6:12-cv-00060, 2013 WL 5308245, at *4 (W.D. Va. Sept. 20, 2013) (finding that bankruptcy jurisdiction existed because the plaintiffs' claims "would not exist 'but for' the Sale Order"); *Quesenberry v. Chrysler Group, LLC*, No. 12-cv-480-ART, 2012 WL 3109431, at *4 (E.D. Ky. July 31, 2012) (finding case to be a core proceeding because it involved "the interpretation and enforcement of the Bankruptcy Court's Sale Order and Purchase Agreement"); *Monk v. Chrysler Group, LLC*, No. 1:09-cv-2511, 2009 WL 4730314, at *4–5 (N.D. Ga. Dec. 3, 2009) (finding that "[i]ssues raised in the present action require interpretation and application of the Sale Orders" and that "these threshold issues need to be resolved by the Bankruptcy Court").

25. Here, because any liability of FCA US derives from its purchase of assets from the bankruptcy estate of the subject vehicle's designer and manufacturer, Plaintiff's case against FCA US arises under title 11 and arises in a bankruptcy case. Further, Plaintiffs asserts claims against FCA US based on alleged acts or omissions regarding the design and manufacture of the 2002 Jeep Wrangler, Compl., Exhibit 1, at 35-40, even though the MTA

approved by the Bankruptcy Court expressly excludes liability of FCA US for the acts or omissions of Chrysler Corporation, MTA, Exhibit 5, § 2.09(j).

26. Therefore, FCA US's liability, if any, for the claims pleaded in the complaint necessarily derives from the bankruptcy Sale Orders, and many of Plaintiff's individual claims against FCA US are expressly barred by—and thus require interpretation of—those orders.

### ii. This Court also has jurisdiction because the Action "relates to" a bankruptcy case

27. Federal district courts' "jurisdiction over proceedings 'related to' the bankruptcy case is quite broad." *In re Greektown Holdings, LLC*, 728 F.3d 567, 577 (6th Cir. 2013) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 307–08 (1995). Thus, even if this case were not held to directly "arise in" the bankruptcy proceedings, Section 1334(b) would still confer federal jurisdiction over this case as it inarguably "relates to" a bankruptcy case.

28. A case is "related to a bankruptcy proceeding if 'the outcome could *conceivably* have any effect on the estate being administered in bankruptcy." *In re Galaz*, 665 F. App'x 372, 375 (5th Cir. 2016) (citations omitted). Here, Plaintiffs seek to hold FCA US accountable for alleged defects in a vehicle that was designed and manufactured by DaimlerChrysler Corporation. The Sale Orders act to transfer only certain liabilities of the manufacturer to FCA US. Were it not for the Sale Orders, Plaintiffs would have to bring their claims as an adversary proceeding in the bankruptcy case, and a successful judgment would merely make Plaintiffs unsecured creditors of the bankruptcy estate's assets. *See White*, 579 B.R. at 811 ("The plaintiffs here seek to hold FCA accountable for defects in a vehicle that was manufactured by Old Chrysler. Were it not for the MTA, the plaintiffs would have to bring their claim as an adversary proceeding in Old Chrysler's bankruptcy case. A successful judgment likely would make the plaintiffs unsecured creditors of Old Chrysler, who would share with other such creditors in the estate's assets, if any.")

29. Therefore, a threshold question underlying all of Plaintiff's claims against FCA US in this litigation is whether the Bankruptcy Court ordered FCA US to assume the specific

liabilities that Plaintiffs assert as to the specific vehicle described in Plaintiffs' Complaint. Regardless of the answer, the question itself requires the Court to construe the Bankruptcy Court's Sale Orders. The Court's construction, in turn, will necessarily have an effect on the bankruptcy estate. Accordingly, this Court has jurisdiction because Plaintiff's claims "relate to" the bankruptcy case of *In re Old Carco LLC (f/k/a Chrysler LLC)*.

30. In sum, the fact that FCA US could be liable for alleged defects in a DaimlerChrysler Corporation vehicle, if at all, *only* because of the bankruptcy means this case arises under title 11, arises in a bankruptcy case, or relates to a bankruptcy case. This Court therefore has original jurisdiction under 28 U.S.C. § 1334(b). Further, this Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of all other claims asserted in Plaintiff's Petition because they all involve a "common nucleus of operative fact." *In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also* 28 U.S.C. § 1367 ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Removal to this Court is therefore proper under 28 U.S.C. § 1452.

### III.     Procedural Requirements

31. The filing of this notice of removal is timely, as it is filed within 30 days of receipt of Plaintiffs' Complaint. 28 U.S.C. § 1446(b)(2)(b).

32. FCA US LLC has informed pro se defendant Joe Price of its intention to remove this Action. Defendant Joe Price did not object to the removal. FCA US LLC also informed Arizona Fleet Services, a named defendant who has not yet appeared, of its intention to remove and Arizona Fleet Services consented to removal.

33. Because this matter also is being removed pursuant to 28 U.S.C. § 1452, consent of the other defendants is not required. *Compare* 28 U.S.C. § 1446(b)(2)(A) (requiring the consent of all defendants "when a civil action is removed solely under section 1441(a)") *with* 28 U.S.C. § 1452 (containing no such consent requirement); *see also Cal. Pub. Employ Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 103 (2d Cir. 2004) ("[R]emoval under that

provision [28 U.S.C. § 1452], unlike removal under Section 1441(a), does not require the unanimous consent of the defendants."); *Townsquare Media, Inc. v. Brill*, 652 F.3d 767, 770 (7th Cir. 2011) (same); *Cal. Pub. Emps.' Ret. Sys. v. Wachovia Capital Mkts., LLC*, 2009 WL 414647, *2 n.1 (W.D. Pa. Feb. 18, 2009) (same).

34. This action is removable to the United States District Court for the District of Arizona because it is the district court embracing the place where the Action is pending.[5] *See* 28 U.S.C. §§ 82, 1452(a).

35. In compliance with 28 U.S.C. § 1446(d), and in further compliance with L.R. Civ. 3.6(a) and (b), the following documents are attached as exhibits:

   a. The Civil Cover Sheet is attached hereto as Exhibit 8.
   b. The "Supplemental Civil Cover Sheet for Cases Removed from Another Jurisdiction" is attached hereto as Exhibit 9.
   c. Copies of all pleadings and other documents that were previously filed with the state court, including Plaintiffs' Complaint, are attached hereto as Exhibit 10.
   d. Verification of undersigned counsel that Exhibit 10 contains true and complete copies of all pleadings and other documents filed in the state court proceeding is attached hereto as Exhibit 11.

36. A copy of this Notice of Removal is being filed with the clerk of the state court from which this action has been removed and is being served upon all parties, in accordance with 28 U.S.C. § 1446(d).

37. By filing this Notice of Removal of Action, FCA does not waive any defenses available to it in this action.

---

[5] While the District of Arizona is the proper removal destination for this Action, FCA US specifically denies that this Action, which is predicated on a two-vehicle crash that occurred in Texas and involved only Texas residents, is properly venued in any Arizona court.

1     For the forgoing reasons, defendant FCA USA LLC, hereby removes the civil action pending as Case No. CV2020-00674 in the Superior Court of Arizona in Maricopa County to this Court.

    DATED this 13th day of February, 2020.

**BOWMAN AND BROOKE LLP**

By: /s/Curtis J. Busby
    Paul G. Cereghini
    Curtis J. Busby
    Daniel B. Goldman

    Attorneys for Defendant FCA US LLC

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2020, I electronically transmitted the attached document: **DEFENDANT FCA USA LLC'S NOTICE OF REMOVAL** to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

G. Lynn Shumway
SHUMWAY LAW PLLC
4647 N. 32nd Street, Suite 125
Phoenix, AZ 85018
shumway@carsafetylaw.com
pam@carsafetylaw.com

E. Todd Tracy (Pro Hac Vice Pending)
Andrew G. Counts (Pro Hac Vice Pending)
THE TRACY LAW FIRM
4701 Bengal Street
Dallas, TX 75235
etoddtracy@vehiclesafetyfirm.com
acounts@vehiclesafetyfirm.com

Attorneys for Plaintiffs

Joe Price, individually, and d/b/a Price Car Company
1809 N. Sundial
Mesa, AZ 85205
Defendant Pro Per

s/Jeannette Felix