NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Myers, et al., | No. CV-20-00337-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| FCA US LLC, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion to Remand to State Court. (Doc. 9). A number of other motions have been filed by the parties. Defendant FCA filed a Motion to Dismiss (Doc. 7); Plaintiffs filed an Emergency Motion to Stay Deadlines (Doc. 11); and Defendant Joe Price filed a Motion to Dismiss and a Motion Opposing the Removal to this Court (Doc. 16). Because the Court is obligated to review matters of jurisdiction, the Court finds no need to request any additional briefing from the parties before ruling on this issue. *See e.g., Henderson ex. rel. Henderson v. Shinseki*, 562 U.S. 428, 434-35 (2011) (noting "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press").

**I.  Background**

"On January 10, 2020, Mark and his wife, Jenni ["Plaintiffs"], citizens of Texas, filed suit in the Superior Court of Maricopa County, Arizona. Plaintiffs sued FCA US LLC, a Delaware limited liability company with its principal place of business in Michigan,

for products liability and negligence for defective design, manufacture, testing, and assembly of the Jeep. Plaintiffs also sued several Arizona defendants for negligence in repair, inspection, modification, and representations concerning the Jeep." (Doc. 9). Plaintiffs allege claims against FCA for products liability and negligence as a result of the improper design, manufacture, assembly, and testing of the vehicle. No federal claims are alleged in Plaintiffs' Complaint that would give this Court jurisdiction. (Doc. 1). Defendant FCA USA removed to this Court on the basis of diversity jurisdiction pursuant to 11 U.S.C. § 1441, and federal bankruptcy jurisdiction pursuant to 48 U.S.C. § 1334. (Doc. 1). FCA alleges that this Court has bankruptcy jurisdiction based on Chrysler's Chapter 11 Bankruptcy case which spanned from 2009 to 2016 in the Southern District of New York.

FCA argues that because Plaintiffs' claims concern a vehicle that was manufactured by Chrysler, the Court must determine whether the "Bankruptcy Court ordered FCA US to assume the specific liabilities that Plaintiffs assert as to the specific vehicle described in Plaintiffs' Complaint," and therefore that jurisdiction is proper here. (Doc. 1).

## II. Motion to Remand

Federal courts are obligated to examine complaints for subject-matter jurisdiction on their own initiative. *See e.g., Henderson ex. rel. Henderson v. Shinseki*, 562 U.S. 428, 434-35 (2011) (noting "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press"). Moreover, there is a strong presumption against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. The defendant, as the party seeking to establish jurisdiction, bears the burden of overcoming this presumption. *Id.* Moreover, "all defendants must consent to removal under section 1441." *Durham v. Lockheed Martin*

*Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006).

Moreover, for a party to remove a case based on bankruptcy jurisdiction of 48 U.S.C. § 1334, the case must be "arising in, arising under, or relating to cases" under the Bankruptcy Code.

As an initial matter, Defendant Price states in his Motion that he "voiced his opposition to the removal to federal court to Defense [FCA] counsel. Defendant Price remains in opposition to the removal of this case to federal court." (Doc. 16 at 4). The Court finds that Defendant Price did not consent to removal of this matter. Because Defendant Price did not consent to removal to this Court, removal cannot be based on Section 1441. *See Durham*, 445 F.3d at 1253. Therefore, removal was improper under Section 1441. Nonetheless, FCA argues that the Court still has subject matter jurisdiction under 28 U.S.C. § 1334(b), which provides district courts with jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Claims that "arise under" Title 11 are considered "core" matters, whereas, claims that "relate to" but do not arise in a bankruptcy case or under the Bankruptcy Code are "non-core". *Stern v. Marshall*, 564 U.S. 462, 476 (2011); *In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995). Importantly, "[u]pon timely motion of a party in a proceeding based upon a State law claim . . . related to a case under title 11 but not arising . . . in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." 28 U.S.C.A. § 1334(c)(2).

Plaintiffs seek to remand the matter back to state court, arguing that Defendant Fiat-Chrysler exited bankruptcy in 2016, 4 years before the filing of this complaint. Therefore, they argue that Defendants cannot use Section 1334 this broadly to bring the action to Federal Court. The Court agrees.

The Chrysler bankruptcy estate that FCA argues is the basis for this jurisdiction closed on March 1, 2016. FCA has not established how this Court, or any federal court,

could automatically retain jurisdiction over matters solely because the company was previously in bankruptcy. This reading of Section 1334 is far too broad. *See Gupta v. Quincy Med. Ctr.*, 858 F.3d 657, 664 (1st Cir. 2017) ("[T]he bankruptcy court's mere approval of [debtors'] sale of assets to [buyer] did not automatically create jurisdiction over all future [claims] somehow related to the [sale order and purchase agreement]."). Moreover, FCA has not established how these claims arise out of or relate to the 2009 Bankruptcy case in such a way that this Court would be required to determine the issues in the Complaint. The Court finds that this action can be timely adjudicated in a State forum of appropriate jurisdiction, pursuant to 28 U.S.C.A. § 1334(c)(2). FCA has not met its burden of establishing that this matter arises out of or relates to the Chapter 11 Bankruptcy matter, and therefore has not established that jurisdiction is proper in this Court.

Therefore, the Court must remand the action. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). The Court will therefore grant Plaintiffs' Motion to Remand this case to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. 9) is **granted**. The Clerk of Court shall kindly remand this action to Maricopa County Superior Court.

Dated this 25th day of March, 2020.

Honorable Diane J. Humetewa
United States District Judge